UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAIRO A. MARTINEZ, <br><br> Plaintiff, <br><br> v. <br><br> RON NEAL and CARL TIBBLES, <br><br> Defendants. | CAUSE NO. 3:21-CV-796-DRL-MGG |

OPINION AND ORDER

Jairo A. Martinez, a prisoner without a lawyer, filed a complaint, couched in legal terminology and purporting to assert a claim under diversity jurisdiction. ECF 1. However, at heart, he is challenging a prison disciplinary hearing at which he lost 180 days of good time credit. This he cannot do in a lawsuit under 42 U.S.C. § 1983, nor can he assert any state law claims based on the hearing.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Martinez alleges that on June 20, 2021, he "was moved from his assigned area and taken to another location without a logical explanation" and had property taken from

him without his authorization. ECF 1-1 at 1. He received a conduct report on July 28, 2021, which he contends was invalid because it was filed later than prison rules allowed. *Id.* Despite this irregularity, a prison disciplinary hearing was held, at which prison officials allegedly forged his signature, sentenced him to the loss of 180 days of good time credits, and confiscated his property. *Id.* at 2. He asserts violations of the United States Constitution as well as larceny and other state law claims about his property loss and restrictions on movement. *Id.*

Any § 1983 claim stemming from the prison disciplinary proceeding is barred. Because Mr. Martinez lost good time credits, he cannot challenge the guilty finding in this civil rights action; his only remedy is through habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973); *see also Alexander v. Rasmussen*, 725 F. App'x 418, 420 (7th Cir. 2018) (observing that prisoner must use habeas corpus to challenge disciplinary proceeding if the sanctions imposed "included the loss of good-time credits"). Until those disciplinary charges are overturned, Mr. Martinez may not bring a claim for damages for the sanctions imposed at that hearing because such a claim would necessarily imply the invalidity of the conduct report or disciplinary hearing. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). at 486-87. In effect, that claim would not be possible until the guilty finding is vacated. *See Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). If the guilty finding is ultimately vacated Mr. Martinez may return to federal court to assert a due process claim. The case will thus be dismissed without prejudice.

To the extent that Mr. Martinez is attempting to assert state law claims based on the events here, this court lacks jurisdiction to hear them. As discussed above, the complaint does not assert a claim under federal law. In the absence of a federal claim, this court relinquishes supplemental jurisdiction over any state law claims. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claim conferring original jurisdiction before trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)(3)."). Although Mr. Martinez alleges that diversity jurisdiction exists, he cannot meet the amount-in-controversy requirement as a matter of law. Diversity jurisdiction requires that the amount in controversy exceeds $75,000, and that there is complete diversity of citizenship between Mr. Martinez and all the defendants. *See* 28 U.S.C. § 1332. Here, Mr. Martinez alleges that he was deprived of "property, books, clothing and most important Business Law Learning tools that I need to [e]stablish my business and to defend myself properly," ECF 1-1 at 2, and he seeks $5 million in damages, ECF 1 at 1. However, his property was confiscated after a prison disciplinary hearing at which Mr. Martinez lost good-time credits. The principle of *Heck* applies to state law claims. *See Scruggs v. Allen Cnty.*, 829 N.E.2d 1049, 1051-52 (Ind. Ct. App. 2005) (applying *Heck* to state law claim of false imprisonment); *see also Parish v. City of Elkhart*, 614 F.3d 677, 681 (7th Cir. 2010). Therefore, Mr. Martinez cannot assert a state law claim for the loss of property or freedom following the hearing until the guilty finding is vacated, which means any loss of property or freedom stemming from that hearing cannot count towards

3

the amount-in-controversy requirement. *See Banks v. Preston Humphrey, LLC*, 609 F. App'x 351, 353 (7th Cir. 2015). Any assertion of diversity jurisdiction is frivolous.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915A.

SO ORDERED.

December 3, 2021                        *s/ Damon R. Leichty*
                                                    Judge, United States District Court